On Application for Rehearing

BRYAN, Judge.
The- opinion of June 30, 2005, is withdrawn,- and the following is substituted therefor.
Afa Mutual Insurance Company (“Afa”) appeals a judgment: (1) denying Afa’s claim seeking a judgment declaring that it is not obligated to indemnify its insured, Willie Merle Morgan, against a $50,000 judgment obtained against her by Mona G. Meroney; and (2) declaring that Afa is obligated to indemnify Morgan against that judgment. We reverse and remand with instructions.
Shortly after buying a house from Morgan, Meroney discovered that termites had infested the house and had caused significant damage to it before she had bought it. Aleging that Morgan either knew or should have known about the termite infestation and damage before she sold the house to Meroney, Meroney sued Morgan for misrepresentation of a material fact and suppression.[1] Morgan answered Me-roney’s complaint. Thereafter, Afa, pursuant to Rules 24(b), 42(b), and 49, Aa. R. Civ. P., and the case of Universal Underwriters Insurance Co. v. East Central Alabama Ford-Mercury, Inc., 574 So.2d 716 (Ala.1990), moved the trial court for leave to intervene to seek a judgment declaring that three insurance policies Afa had issued to Morgan did not obligate Afa to indemnify Morgan against any judgment entered against Morgan on Meroney’s claims. The trial court ordered the parties to file any objections to Afa’s motion within 21 days. When no objections were filed within the 21-day period, the trial court granted Afa leave to intervene, and Afa filed its complaint in intervention. Among other things, Afa alleged that each of its policies contained the following exclusion:
“1. [Liability coverage does] not apply to;
“1. bodily injury or property damage:
*545 (1) which is either expected or intended by an insured .... ”
Alfa further alleged that it was not obligated to indemnify Morgan against any judgment obtained by Meroney because the exclusion excluded Meroney’s claims from coverage under the policies Alfa had issued to Morgan.
Subsequently, Meroney amended her complaint to add claims against Morgan for negligence, wantonness, and innocent fraud, and Morgan answered Meroney’s amended complaint. The case proceeded to trial. Before the case was submitted to the jury, Meroney voluntarily dismissed all of her claims against Morgan except her compensatory-damages claims of negligence, wantonness, and innocent fraud. At the close of the evidence, the trial court submitted Meroney’s compensatory-damages claims of negligence, wantonness, and innocent fraud to the jury. On January 14, 2004, the jury returned a general verdict in favor of Meroney and against Morgan and awarded Meroney compensatory damages in the amount of $50,000. Immediately after the jury returned its verdict on Meroney’s claims, the trial court, over Meroney’s objection, submitted this special interrogatory to the jury on January 14, 2004:
“Was the injury or damage to the Plaintiff Mona G. Meroney either expected or intended by the Defendant Merle Morgan?”
That same day, the jury answered the special interrogatory in the affirmative.
The trial court entered a judgment on the jury verdict in favor of Meroney and against Morgan in the amount of $50,000. Thereafter, Alfa moved the trial court to enter a judgment declaring that Alfa was not obligated to indemnify Morgan against Meroney’s judgment. The trial court heard Alfa’s motion and, on March 17, 2004, entered a judgment that stated, in pertinent part:
“3- [Alfa’s] Renewed Motion for Declaratory Judgment Upon Jury Verdict seeking to be relieved of indemnification to Defendant, Merle Morgan, is denied.
“4.... [T]he court finds that the [special] interrogatory at trial was improper and further that Alfa has a duty to indemnify the Defendant, Merle Morgan, as to the judgment returned against her.”
Alfa timely appealed the March 17, 2004, judgment to this court.
On appeal, Alfa first argues that the trial court erred in holding that the special interrogatory was improper. Although the trial court did not state its rationale for that holding, Meroney had argued to the trial court that the special interrogatory was improper because the jury verdict in favor of Meroney on her claims for unintentional torts foreclosed Alfa from litigating the insurance-coverage issue of whether Meroney’s injury or damage was either expected or intended by Morgan. Alfa argues on appeal that the jury’s verdict on Meroney’s claims does not control the adjudication of the insurance-coverage issue. We agree.
In Alabama Farm Bureau Mutual Casualty Insurance Co. v. Moore, 349 So.2d 1113 (Ala.1977), Ludie Moore, an insured of Alabama Farm Bureau Mutual Casualty Insurance Co. (“Farm Bureau”), sued Farm Bureau seeking a judgment declaring that Farm Bureau was obligated to indemnify Moore against a $25,000 judgment obtained against Moore in a personal-injury lawsuit brought by Iva Nell Strickland. Strickland had been injured when Moore knocked her into a plate-glass window during an argument. In her personal-injury lawsuit, Strickland had originally sued Moore for both • assault and *546 battery and negligence. On the day of trial, however, Strickland dismissed her claim for assault and battery and withdrew her jury demand. The case proceeded to trial before the trial judge on Strickland’s negligence claim only. After the trial, the trial judge entered a judgment against Moore and in favor of Strickland in the amount of $25,000 on Strickland’s negligence claim. Declining to indemnify Moore against Strickland’s judgment, Farm Bureau asserted that the policy it had issued to Moore did not cover the judgment because: (1) the policy did not cover “ ‘bodily injury or property damage which is either expected or intended from the standpoint of the insured,’ ”[2] 349 So.2d at 1114 (emphasis omitted); and (2) Moore had intentionally knocked Strickland into the plate-glass window.
In the subsequent declaratory-judgment action brought against Farm Bureau by Moore, Strickland, who' had also been made a party, moved for a summary judgment against Farm Bureau. When Farm Bureau opposed the summary judgment with an affidavit tending to prove that Moore had intentionally knocked Strickland into the plate-glass window, Strickland argued that the judgment against Moore on Strickland’s negligence claim collaterally estopped Farm Bureau from litigating the issue whether Strickland’s injuries were intended by Moore. The trial court agreed and entered a summary judgment against Farm Bureau. Farm Bureau then appealed to the supreme court. The supreme court held that the judgment against Moore on Strickland’s negligence claim did not collaterally estop Farm Bureau from litigating the insurance-coverage issue, and it reversed the summary judgment entered against Farm Bureau by the trial court. The supreme court explained:
“For the doctrine of collateral estop-pel to apply, ... the identical point must have been in issue, and the judgment must have been rendered on that point..:. The question of whether the injury was expected or intended was not the issue in Strickland v. Moore and the judgment was not rendered on that point....”
349 So.2d at 1116 (emphasis added; citations omitted).
Thus, in the case now before us, we conclude that the jury verdict against Morgan and in favor of Meroney on her claims for unintentional torts did not adjudicate the issue of whether Meroney’s injury or damage was either expected or intended by Morgan, and, therefore, the jury verdict did not foreclose the submission- of the special interrogatory to the jury. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore. Moreover, because the issues were different, the jury’s answer to the special interrogatory was not inconsistent with its verdict on Meroney’s claims. See Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore.
Meroney argues that we should affirm the trial court’s holding that the special interrogatory was improper on the ground that the trial court did not properly instruct the jury before submitting the special interrogatory. We note that, although Meroney objécted to the trial court’s submitting the special interrogatory to the jury, she did not timely object to the instructions the trial court gave the jury regarding the special interrogatory because the trial transcript indicates that *547 she did not object until after the jury had retired to consider its answer to the special interrogatory.[3] See Rule 51, Ala. R. Civ. P. (stating that objections to jury instructions must be made “before the jury retires to consider its verdict”).
Meroney also argues that we should affirm the trial court’s holding that the special interrogatory was improper on the ground that the jury’s answer to the special interrogatory was unsupported by the evidence. However, we find that the jury’s answer to the special interrogatory was supported by substantial evidence.
Alfa argues that the jury’s answer to the special interrogatory entitled Alfa to a judgment declaring that Alfa was not obligated to indemnify Morgan against the $50,000 judgment obtained by Meroney. We agree. Because the special interrogatory was proper, the trial court erred in not giving effect to the jury’s answer to the special interrogatory. The jury’s affirmative answer to the special interrogatory entitled Alfa to a judgment declaring that Alfa was not obligated to indemnify Morgan against the $50,000 judgment obtained by Meroney. Consequently, the trial court erred in denying Alfa’s motion for such a judgment and in entering a judgment declaring that Alfa is obligated to indemnify Morgan.
We reverse the trial court’s judgment holding the special interrogatory to be improper, denying Alfa a judgment declaring that it is not obligated to indemnify Morgan against the $50,000 judgment obtained by Meroney, and declaring that Alfa is obligated to indemnify Morgan against that judgment. We remand the case to the trial court with instructions to enter a judgment declaring that Alfa is not obligated to indemnify Morgan against Mero-ney’s $50,000 judgment.
APPLICATION OVERRULED; OPINION OF JUNE 30, 2005, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
CRAWLEY, P.J., concurs in the result, without writing.

. Meroney also sued a party who had performed a home inspection for her before she bought the house from Morgan. However, Meroney’s claims against the home inspector are not before this court.

. The supreme court has treated "either expected or intended by the insured,” the language of the exclusion at issue in the case now before us, as the equivalent of " ' "either expected or intended from the standpoint of the insured.” ' ” Watson v. Alabama Farm Bureau Mut. Cas. Ins. Co., 465 So.2d 394, 396 (Ala.1985).

. When the trial court sent the jury out of the courtroom after the trial court had given the jury instructions regarding the special interrogatory and before the trial court entertained the parties' objections to those instructions, the trial court did not instruct the jury to refrain from beginning its deliberations until the trial court had finished hearing the parties’ objections and either notified the jury to begin its deliberations or gave the jury additional instructions. Meroney neither objected to the trial court's failure to give such an instruction nor requested that the trial court give such an instruction. Accordingly, when the jury retired after the trial court had given it instructions regarding the special interrogatory, it was retiring to consider its answer to the special interrogatory. Thus, the jury had retired to consider its answer to the special interrogatory before Meroney objected to the instructions the trial court had given the jury regarding the special interrogatory. Rule 51, Ala. R. Civ. P., in pertinent part, requires that objections to jury instructions be made "before the jury retires to consider its verdict.” Therefore, Meroney’s objections to the trial court's jury instructions regarding the special interrogatory were untimely.